J-S03002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID BOWEN | |
| Appellant | No. 519 EDA 2015 |

Appeal from the PCRA Order January 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012706-2008
CP-51-CR-0012707-2008
CP-51-CR-0012708-2008

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                **FILED AUGUST 08, 2016**

David Bowen appeals, *pro se*, from the order entered January 23, 2015, in the Philadelphia County Court of Common Pleas dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Bowen seeks relief from the judgment of sentence of an aggregate six to 12 years' imprisonment imposed on June 25, 2009, following his jury conviction of two counts of aggravated assault and one count of firearms not to be carried without a license.[1]  On appeal, he challenges the sufficiency of the evidence, and the trial court's jury instructions. For the reasons set forth below, we affirm.

---

[1] 18 Pa.C.S. §§ 2702(a)(1) and (2), and 6106(a)(1).

The facts underlying Bowen's conviction were summarized by a panel of this Court on direct appeal as follows:

> At approximately 11:00 pm on August 21, 2008, Philadelphia police officers Paul Tinneny, Edgar Ruth and Robert Sellers responded to a report of gunshots fired on the 400 block of Hobart Street in Philadelphia, Pennsylvania. In the area, Officer Ruth observed Bowen in the rear alley of the 5800 block of clutching what appeared to be a gun concealed inside of his waistband. Officer Ruth ordered Bowen to stop and drop the firearm. As Officers Ruth and Sellers pursued Bowen into Carroll Park, Bowen removed a silver gun from his waistband, turned and pointed the gun at Officer Ruth from approximately ten feet away. At that moment, Officer Tinneny fired his weapon at Bowen from thirty feet away. The shot missed, and Bowen continued to run, after which he was quickly detained and arrested. Officer Sellers recovered an operable .38 special revolver loaded with hollow point bullets. Following his arrest, Bowen waived his **_Miranda_** rights and provided a police statement in which he denied firing the shots that initially garnered police attention.

**_Commonwealth v. Bowen_**, 47 A.3d 1233 [2158 EDA 2009, at 1-2] (Pa. Super. 2012) (unpublished memorandum).

Bowen proceeded to a jury trial on charges of aggravated assault and firearms not to be carried without a license. On June 21, 2009, the jury returned a verdict of guilty on all charges. Thereafter, on June 25, 2009, the trial court sentenced Bowen to a term of five to 10 years' imprisonment on one count of aggravated assault,[2] and a consecutive term of one to two

---

[2] We note Bowen states, in his *pro se* brief, that he was sentenced to a "mandatory sentence" on this charge. Bowen's Brief at 4. We find nothing to support this contention in the record. Rather, during the sentencing hearing, the Commonwealth asserted that, for this charge, Bowen had a prior record score of two, and an offense gravity score of 10. **_See_** N.T.,
*(Footnote Continued Next Page)*

years' imprisonment for the firearms charge.[3] Bowen filed a timely direct appeal challenging the sufficiency of the evidence supporting his aggravated assault conviction. **See Bowen**, **supra**. A panel of this Court affirmed in an unpublished memorandum decision, and, on December 27, 2012, the Pennsylvania Supreme Court denied his petition for allowance of appeal. **See Commonwealth v. Bowen**, 60 A.3d 534 (Pa. 2012).

Thereafter, on November 26, 2013, Bowen filed a timely, *pro se* PCRA petition, asserting a general claim of ineffectiveness of trial counsel and a challenge to the sufficiency of the evidence supporting his charge of aggravated assault. The same day, he also filed a motion to proceed *pro se*. The PCRA court conducted a **Grazier**[4] hearing on March 17, 2014, at the conclusion of which it granted Bowen's motion to proceed *pro se*. Thereafter, Bowen filed a supplemental PCRA petition challenging (1) the sufficiency and weight of the evidence supporting his aggravated assault

---

*(Footnote Continued)*

6/25/2009, at 11. Therefore, the standard sentencing guidelines range was 36 to 48 months' imprisonment. **Id. See also** 204 Pa. Code § 303.16(a). Additionally, the Commonwealth asked the court to apply the deadly weapon (used) enhancement, which increased Bowen's standard guideline range to 54 to 66 months' imprisonment. N.T., 6/25/2009, at 17. **See also** 204 Pa.Code § 303.17(b). There is no mention during the hearing of the imposition of a mandatory minimum sentence, nor is there an indication on the docket that the Commonwealth notified Bowen of its intent to request a mandatory sentence.

[3] No further penalty was imposed on the second aggravated assault charge.

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

conviction, and (2) the ineffectiveness of trial counsel for failing to seek suppression of his statement to police. On December 5, 2014, the PCRA court provided Bowen with notice, pursuant to Pa.R.Crim. 907, of its intent to dismiss the petition without first conducting an evidentiary hearing. Bowen did not respond, and, on January 23, 2015, the court entered an order dismissing his PCRA petition. This timely appeal followed.[5]

Bowen raises two issues on appeal. First, he challenges the sufficiency of the evidence supporting his conviction of aggravated assault. Second, he argues the trial court's jury instructions were erroneous.[6]

When considering a PCRA court's denial of relief, we must bear in mind:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

---

[5] On February 17, 2015, the PCRA court ordered Bowen to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bowen complied with the court's directive, and filed a concise statement on February 26, 2015.

[6] We note that Bowen has abandoned his claims asserting the ineffectiveness of trial counsel.

Further, of particular relevance here, we note that to be entitled to relief, a petitioner must establish his claims have not been previously litigated or waived. **Commonwealth. v. Keaton**, 45 A.3d 1050, 1060 (Pa. 2012). Pursuant to Section 9544(a) of the PCRA, an issue is previously litigated if, *inter alia*, "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). Moreover, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

In his first issue, Bowen argues the evidence was insufficient to sustain his conviction of aggravated assault because it failed to establish he acted with the specific intent to injure the victim. However, a challenge to the sufficiency of the evidence is not a cognizable claim under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2). Furthermore, this identical claim was raised, and rejected, on direct appeal. **See Bowen**, **supra**, 47 A.3d 1233 [2158 EDA 2009, at 4-5]. Accordingly, it has been previously litigated for purposes of PCRA review. **See** 42 Pa.C.S. § 9544(a)(2).

Next, Bowen contends the trial court "rendered an improper jury instruction based on the Commonwealth's argument of the said charges of Aggravated Assault (F-1) and Aggravated Assault (F-2)[.]" Bowen's Brief at 7. Again, we note a challenge to the court's jury instructions, absent an allegation of trial counsel's ineffectiveness, is not a cognizable claim for

PCRA review. 42 Pa.C.S. § 9543(a)(2). Moreover, this claim is waived for several reasons. First, Bowen could have raised this claim on direct appeal, but did not do so. Consequently, it is waived pursuant to Section 9544(b). *See* 42 Pa.C.S. § 9544(b). Second, Bowen failed to include a challenge to the court's jury instructions in either his initial or supplemental PCRA petitions. *See Commonwealth v. Elliott*, 80 A.3d 415, 430 (Pa. 2013) (holding petitioner waived claim on appeal; it was not raised in PCRA petition and petitioner did not obtain permission to amend his petition to include the claim). Third, this claim was not included in Bowen's Rule 1925(b) concise statement. Issues not included in a court-ordered concise statement are waived. Pa.R.A.P. 1925(b)(4)(vii). Accordingly, we need not consider Bowen's second issue on appeal.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2016

- 6 -