**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Charles LAWSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2014.

Filed April 8, 2014.

Todd M. Mosser and David S. Nenner, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, P.J., SHOGAN and FITZGERALD *, JJ.

OPINION BY SHOGAN, J.:

Appellant, Charles Lawson, appeals from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. Appellant contends, *inter alia,* that the use of prior juvenile conduct as a predicate offense for imposition of a mandatory life sentence pursuant to 42 Pa.C.S.A. § 9715[1] violates *Miller v. Alabama,* — U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). For the reasons that follow, we affirm.

The PCRA court summarized the history of this case as follows:

[Appellant] was convicted of third-degree murder on October 26, 1992, after a bench trial [for a murder committed when he was thirty-three years old]. This court denied [Appellant's] post-verdict motions and sentenced [Appellant] to a mandatory term of life imprisonment for murder[1], two and one-half years for possession of an instrument of crime, concurrent to the life sentence, and five to ten years for aggravated assault, consecutive to possession of an instrument of crime, but concurrent to the life sentence. [Appellant] filed a direct appeal. The Pennsylvania Superior Court affirmed [Appellant's] convictions *Commonwealth v. Lawson,* No. 453 Philadelphia 1993 (Pa.Super. August 31, 1993). [Appellant] did not seek *allocatur* with the Pennsylvania Supreme Court. Therefore, [Appellant's] sentence became final on or about September 30, 1993, upon the expiration of the thirty-day window for seeking *allocat[u]r.*

----

[1] The life term was mandatory because petitioner had previously been convicted of third-degree murder in 1978 when he was seventeen (17) years old. *See* 42 Pa.C.S.A. § 9715.

On August 19, 1996, [Appellant] timely filed a PCRA petition, pursuant to 42 Pa.C.S.A. § 9541, *et seq.,* based on an ineffective assistance of counsel claim.

----

* Former Justice specially assigned to the Superior Court.

1.  42 Pa.C.S.A. § 9715 provides in relevant part as follows:
    § 9715. Life imprisonment for homicide.
    (a) Mandatory life imprisonment.—Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sen-

tences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.
42 Pa.C.S.A. § 9715(a).

This Court held an evidentiary hearing and then dismissed the petition after finding that [Appellant] had failed to prove the elements required on the claim of ineffectiveness of counsel. The Superior Court affirmed the dismissal, *Commonwealth v. Lawson*, No. 5112 Philadelphia 1997 (Pa.Super. August 12, 1999) and, thereafter, the Supreme Court denied [Appellant's] request for *allocatur* on January 11, 2000.

On July 15, 2004, [Appellant] filed a second PCRA petition, alleging after-discovered evidence. On January 25, 2005 [Appellant] filed an "Objection to District Attorney's Letter/Motion to Dismiss Petitioner's (PCRA) Petition." On May 23, 2005, this Court dismissed [Appellant's] second PCRA petition as untimely and the Pennsylvania Superior Court affirmed that dismissal on March 1, 2006. *Commonwealth v. Lawson*, 898 A.2d 1130 (Pa.Super.2006). The Supreme Court denied *allocat[u]r* on July 19, 2006. *Commonwealth v. Lawson* [588 Pa. 756], 903 A.2d 537 (Pa.2006).

On August [20], 2012, [Appellant] filed his third PCRA petition. The Commonwealth of Pennsylvania filed its Motion to Dismiss on February 27, 2013, and, on March 15, 2013, this Court dismissed [Appellant's] PCRA petition without a hearing. [Appellant] then filed a Motion for Reconsideration and a Response to the Commonwealth's Motion to Dismiss on April 1, 2013, asking this Court to vacate its March 15, 2013, dismissal of the PCRA petition, to provide [Appellant] with notice of the reasons for this Court's dismissal, to deny the Commonwealth's Motion to Dismiss and to schedule an evidentiary hearing.

PCRA Court Opinion, 7/1/13, at 1–2 (footnote in original). On April 12, 2003, prior to the PCRA court addressing Appellant's motion for reconsideration, Appellant filed this appeal.

Appellant presents the following issues for our review:

1. Did the PCRA court err when it summarily dismissed Appellant's Amended Petition without providing notice pursuant to Pa.R.Cr[im].P. 907?

2. Did the PCRA Court err when it dismissed Appellant's Amended Petition as untimely, by holding that *Miller v. Alabama* [—— U.S. ——], 132 S.Ct. 2455 [183 L.Ed.2d 407] (2012)[,] was inapplicable?

Appellant's Brief at 4.

■■■■ Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa.Super.2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super.2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.* (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001)).

■■■ We must first address whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. *See Commonwealth v. Alcorn,* 703 A.2d 1054, 1056–1057 (Pa.Super.1997) (explaining application of PCRA timeliness *proviso* ).

■ However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr,* 768 A.2d at 1167.

■ Our review of the record reflects that Appellant's judgment of sentence became final on September 30, 1993, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Accordingly, Appellant's judgment of sentence became final prior to the effective

date of the PCRA amendments. Appellant's instant PCRA petition, filed on August 20, 2012, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S.A. § 9545(b)(2).

■ In his first issue, Appellant correctly asserts that the PCRA court failed to comply with Pa.R.Crim.P. 907 by not providing Appellant with notice that it intended to dismiss Appellant's PCRA petition without holding an evidentiary hearing. However, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." *Commonwealth v. Davis,* 916 A.2d 1206, 1208 (Pa.Super.2007) (citing *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911, 917 n. 7 (2000)). Thus, the failure of the PCRA court to provide the Rule 907 notice does not entitle Appellant to relief. *Davis,* 916 A.2d at 1208. *See also Commonwealth v. Kutnyak,* 781 A.2d 1259, 1263 (Pa.Super.2001) (recognizing that under *Pursell,* absence of Pa.

---

2. The exceptions to the timeliness requirement are:
   (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
   (ii) the facts upon which the claim is predicated were unknown to the petitioner and

could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

R.Crim.P. 1507 (now Rule 907) notice, standing alone, does not provide basis for reversal of dismissal of untimely PCRA petition).

However, Appellant also attempts to invoke the third exception to the PCRA timeliness requirements, *i.e.,* "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa. C.S.A. § 9544(b)(1)(iii), in his second issue on appeal. Appellant contends that the PCRA court erred in not applying the United States Supreme Court's decision in *Miller, supra,* to his case. We disagree.

In *Miller,* the Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without the possibility of parole violates the Eighth Amendment's prohibition on cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances. *Id.* at 2475. The holding in *Miller* was limited to those offenders who were juveniles at the time they committed their crimes.[3] *Id.* at 2460. *See also, Commonwealth v. Batts,* —— Pa. ——, 66 A.3d 286 (2013) (applying *Miller* to a juvenile offender on direct appeal, and concluding that the Pennsylvania constitutional prohibition against cruel punishment does not provide broader protection than the United States Constitution); *Commonwealth v. Cintora,* 69 A.3d 759, 764 (Pa.Super.2013) (refusing to extend *Miller* to individuals eighteen years of age and older at the time of the commission of their crimes).

As an initial matter, we note that the exception set forth in section 9545(b)(1)(iii) applies only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and **has been held by that court to apply retroactively.**" 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added). The United States Supreme Court has not held that *Miller* applies retroactively on collateral review. To the contrary, the Pennsylvania Supreme Court has held that the holding in *Miller* does not apply retroactively to an inmate, convicted as a juvenile, who is serving a sentence of life imprisonment without the possibility of parole, and who has exhausted his direct appeal rights and is proceeding under the PCRA. *See Commonwealth v. Cunningham,* —— Pa. ——, 81 A.3d 1 (2013). Therefore, Appellant's claim fails on this basis.

However, Appellant's claim also fails because he was thirty-three years old at the time he committed the instant murder, and *Miller* only addressed individuals who were juveniles when they committed the crime on which their current conviction is based. Thus, *Miller* is not directly applicable under the facts of this case.

In an effort to circumvent the fact that he was thirty-three years old at the time he committed the instant murder, Appellant asserts that his age at the time of his most current offense is not the only age that matters for purposes of his mandatory life sentence. Appellant's Brief at 13. He specifically claims that "the application of the mandatory sentence called for in 42

---

**3.** We note that on October 15, 2012, effective immediately, the Pennsylvania Legislature amended 18 Pa.C.S.A. § 1102(a)(1) (first-degree murder) and (b) (second-degree murder) to provide sentencing standards for **juvenile offenders** convicted of first- and second-degree murder after **June 24, 2012,** so as to comply with *Miller.*

Pa.C.S.A. [§] 9715 through the use of prior juvenile conduct as a predicate offense violates the new requirements of *Miller,*" and that "[a] sentencing court should be required to consider the mitigating qualities of [his] youth from the time of his first offense as well as the individual circumstances attendant to that juvenile conduct." *Id.* Essentially, Appellant contends that it was unconstitutional to sentence him to a mandatory term of life imprisonment without the possibility of parole under the recidivist statute because he committed his previous murder while he was a juvenile.

█ We observe that three Federal Courts of Appeal have completely discredited Appellant's argument that the holding in *Miller* should be applied to persons who have committed crimes as adults and sentenced to serve mandatory terms of life imprisonment without the possibility of parole based upon statutes that take into account prior juvenile conduct. *See United States v. Hoffman,* 710 F.3d 1228, 1233 (11th Cir.2013) (*per curiam*) (stating that "[n]othing in *Miller* suggests that an adult offender who has committed prior crimes as a juvenile should not receive a mandatory life sentence as an adult, after committing a further crime as an adult"); *United States v. Orona,* 724 F.3d 1297, 1309–1310 (10th Cir.2013) (holding that the use of the defendant's juvenile adjudication as a predicate offense for recidivist-statute purposes does not violate the Eighth Amendment's ban on cruel and unusual punishment as contemplated by various United States Supreme Court decisions, including *Miller*); *United States v. Hunter,* 735 F.3d 172, 176 (4th Cir.2013) (explaining *Miller* was inapplicable in case where the defendant, an adult sentenced to mandatory term of life imprisonment without parole, was not being punished for a crime he committed as a juvenile because sentence enhancements do not themselves constitute punishment for the prior criminal convictions that trigger them, but was being punished for the recent offense he committed at an age that rendered him responsible for his actions).

On a similar note, in *Commonwealth v. Scott,* 345 Pa.Super. 86, 497 A.2d 656 (1985), a panel of this Court addressed whether 42 Pa.C.S.A. § 9715 violated the appellant's *ex post facto* rights. In *Scott,* we held that the statute imposing a life sentence for a conviction of third-degree murder on anyone who had previously been convicted at any time of murder or manslaughter did not violate the *ex post facto* clause because the crime committed by Scott after the effective date of the law was the crime that brought Scott within the ambit of the statute, not the prior crime which was used for enhancement purposes. *Id.* at 658.

█ Likewise, we are compelled to conclude that the application of section 9715 to Appellant's instant conviction of murder, committed when Appellant was thirty-three years old, did not increase the sentence Appellant received for his prior murder conviction, committed when Appellant was a juvenile. Rather, section 9715 applied only to the instant murder and did not change the punishment for the predicate offense of murder, committed while Appellant was a juvenile. We further conclude that *Miller* does not apply to an adult offender who has committed third-degree murder as a juvenile and receives a mandatory sentence of life imprisonment without the possibility of parole pursuant to 42 Pa.C.S.A. § 9715. Accordingly, we hold that the imposition on Appellant, who was convicted as an adult of third-degree murder, of a mandatory life sentence without the possibility of parole based, in part, on a prior third-degree murder conviction as a juvenile, does not constitute cruel and

unusual punishment under either the United States or Pennsylvania Constitution.

██ Because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa.Super.2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa.Super.2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.