J-S63030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN F. NOLE | |
| Appellant | No. 744 EDA 2015 |

Appeal from the PCRA Order March 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0915321-1969

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:                **FILED NOVEMBER 24, 2015**

Appellant, John F. Nole, appeals *pro se* from the March 2, 2015 order denying as untimely his seventh petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On March 31, 1971, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole for first-degree murder[1] and other offenses, committed by Appellant when he was 17-years-old, in the course of a robbery and murder of an 81-year-old man.  Our Supreme Court affirmed Appellant's judgment of sentence on July 11, 1972.

---

[1] 18 Pa.C.S.A. § 2502(a).

*Commonwealth v. Nole*, 292 A.2d 331 (Pa. 1972). Thereafter, Appellant filed six PCRA petitions between 1972 and 2008. *See Commonwealth v. Nole*, 965 A.2d 299 (Pa. Super. 2008) (affirming the PCRA court's dismissal of Appellant's sixth PCRA as untimely, and setting forth a full factual and procedural history of Appellant's PCRA claims), *appeal denied* 973 A.2d 1006 (Pa. 2009).

On July 12, 2010, Appellant filed, *pro se*, a patently untimely PCRA petition that is the subject of this appeal. *See* 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the date the judgment becomes final). After a series of amended petitions, the PCRA court issued a notice to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on December 12, 2014. Appellant did not file a response. On March 2, 2015, the PCRA court denied Appellant's PCRA petition as untimely. Appellant timely filed, *pro se*, a notice of appeal on March 9, 2015.[2]

Here, the PCRA court lacked jurisdiction to consider the merits of Appellant's untimely PCRA petition unless one "of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A.

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court adopted its March 2, 2015 opinion for purposes of Rule 1925(a).

§ 9545(b)(1)(i), (ii), and (iii), [apply]." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). In an attempt to plead one of the time-bar exceptions, Appellant argues that the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applies retroactively to his case. Appellant's Brief at 10. Even if we were to construe this issue as arguing that a time-bar exception applies, our Supreme Court has rejected this retroactivity argument.[3] **See generally** 42 Pa.C.S.A. § 9545(b)(1)(iii); **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, **Cunningham v. Pennsylvania**, 134 S. Ct. 2724 (2014). As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's claims.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's seventh PCRA petition as untimely. Accordingly, the PCRA court's March 2, 2015 order is affirmed.

Order affirmed.

---

[3] On March 23, 2015, the Supreme Court granted *certiorari* in **Montgomery v. Louisiana**, 135 S. Ct. 1546 (2015), which presents the **Miller** retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, **Cunningham** remains dispositive of the issue in Pennsylvania.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/24/2015