J-S43037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY J. MASON | : | |
| | : | |
| Appellant | : | No. 190 WDA 2018 |

Appeal from the PCRA Order December 21, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004826-1992

BEFORE:  STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 29, 2018**

Appellant Larry J. Mason appeals *pro se* from the order denying his serial Post Conviction Relief Act[1] (PCRA) petition seeking relief from his 1994 aggregate sentence of life imprisonment for first-degree murder and firearms not to be carried without a license.[2]  Appellant claims that the PCRA court erred in concluding that he failed to establish that he timely filed his petition after receiving newly discovered facts.  We affirm.

The facts and procedural history related to this appeal are well known to the parties, and we briefly summarize the relevant portions of the record. Following a jury trial, the trial court sentenced Appellant to serve life imprisonment on January 5, 1994.  This Court affirmed the judgment of

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a) and 6106, respectively.

sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Mason***, 660 A.2d 655 (Pa. Super. filed Mar. 10, 1995) (unpublished mem.), *appeal denied*, 668 A.2d 1127 (Pa. 1995).

In his first PCRA petition, Appellant included several claims related to Shaina Ballard,[3] including (1) trial counsel was ineffective for failing to request a pretrial lineup; (2) the Commonwealth failed to disclose evidence that another witness for the Commonwealth threatened Ballard; and (3) the Commonwealth failed to disclose possible plea agreements with Ballard. Am. Pet. for Post-Conviction Relief, 4/27/00, at 5-6, 15-18. Appellant's petition included Ballard's January 15, 2000 affidavit asserting that a Commonwealth witness threatened her before trial. Aff. Shaina Ballard, 1/15/00. On July 25, 2002, this Court affirmed the denial of Appellant's first PCRA petition without a hearing, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Mason***, 808 A.2d 248 (Pa. Super. filed July 25, 2002) (unpublished mem.), *appeal denied*, 819 A.2d 546 (Pa. 2003)

---

[3] At trial, Ballard testified that Appellant shot the victim with a .357 caliber handgun after another individual stepped forward and kicked the victim. We also note that Ballard referred herself as Shaina Ballard-Murray in her post-trial affidavits and has also been referred to as "Shana Ballard." We refer to her as Ballard throughout this memorandum.

In his counseled second PCRA petition, Appellant raised a claim of newly discovered facts based on Ballard's June 23, 2003 affidavit that she recognized Appellant based only on his eyes and that she did not tell the police that Appellant shot the victim.  Pet. for Post-Conviction Relief, 5/22/12; Aff. Shaina Ballard, 6/23/03.  Ballard also stated that she testified at trial that Appellant was the shooter even though she really did not know who shot the victim.[4]  Aff. Shaina Ballard, 6/23/03.  On October 16, 2013, this Court affirmed the dismissal of Appellant's second PCRA petition as untimely.  ***Commonwealth v. Mason***, 87 A.3d 885 (Pa. Super. filed Oct. 16, 2013) (unpublished mem.)  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 27, 2014.  ***Commonwealth v. Mason***, 93 A.3d 462 (Pa. 2014).

Appellant filed the instant *pro se* petition, which the PCRA court docketed on June 27, 2017.[5]  Appellant relied on an investigator's notes of an interview of Ballard conducted on April 17, 2017 and Ballard's witness statement on April 22, 2017.  The PCRA court issued a Pa.R.Crim.P. 907 notice

---

[4] Appellant also relied on the affidavits of two other individuals who stated that Appellant was not armed at the time of the murder, that they and Appellant fled the scene after hearing one gunshot, and that they heard additional gunshots as they were running from the scene.

[5] Appellant filed a counseled third PCRA petition seeking resentencing relief based on ***Miller v. Alabama***, 567 U.S. 132 (2012), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).  The PCRA court denied relief because Appellant was twenty years old at the time of the murder.  Appellant did not appeal the denial of his third PCRA petition.

of intent to dismiss the petition as untimely. Appellant filed a *pro se* response, which included Ballard's supplemental witness statement dated June 28, 2017.

A summary of Ballard's April 17 and June 28, 2017 statements follows. On the night of the murder, Appellant was among the group of eight to ten individuals who entered the decedent's apartment. Witness Statement, 4/17/17, at 1. Appellant was also one of several of the individuals holding a gun. *Id.* Immediately before the shooting, a person in a tan jacket came between Appellant and the victim. *Id.* at 1-2. According to Ballard's 2017 statements, Appellant stated that there was not going to be any shooting and that he did not go to the apartment to shoot anyone. *Id.* at 2. Ballard then heard a shot. *Id.* Ballard opined that Appellant could not have fired the shot because the person in the tan jacket was standing between Appellant and the victim. *Id.*

Additionally, Ballard averred that police officers pressured her to identify Appellant as the shooter. First Supp. Witness Statement, 6/28/17, at 2. Ballard asserted that she identified Appellant at trial as the shooter because he looked familiar to her and because she saw his picture in the newspaper. *Id.* Ballard repeated her assertion that other Commonwealth witnesses, who were present in the apartment at the time of the shooting, threatened her not to testify. Witness Statement, 4/17/17, at 2. She stated she made the Commonwealth aware of those threats. First Supp. Witness Statement, 6/28/17, at 1.

Ballard explained that she did not give these details in her prior affidavits because she "was never asked the right questions." First Supp. Witness Statement, 6/28/17, at 2. She also asserted that she felt "bad," was no longer afraid, and was ready to tell the truth. Witness Statement, 4/17/17, at 2-3.

The PCRA court denied Appellant's petition on December 22, 2017, without a hearing. Appellant timely appealed. The court did not order a Pa.R.A.P. 1925(b) statement, but filed an opinion suggesting that Appellant's petition was untimely.

Appellant presents the following question for review:

> Did the (PCRA) court err, and commit reversible error when it failed to recognize a timely presented motion to the court, that bias pertinent to the due process of the law with regards to final disposition of a (PCRA) petition under the time requirement of 42 Pa.C.S.A. §9545(b)(2)?

Appellant's Brief at 3 (full capitalization omitted).

Appellant concedes that the instant petition was untimely on its face. Appellant, as he did in his PCRA petition and his response to the PCRA court's Rule 907 notice, asserts that the alleged newly discovered facts set forth by Ballard were unknown to him at the time of trial and that he filed within sixty days of discovering Ballard's most recent statements. *Id.* at 6-7. Appellant avers in a single sentence that he exercised due diligence and cites to *Commonwealth v. Burton*, 158 A.3d 618, (Pa. 2017). *Id.* at 7.

When reviewing the dismissal of a PCRA petition as untimely, our review is limited to "whether the record supports the PCRA court's determination and

whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

The principles governing our review are well settled. "[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1).

To successfully raise the newly discovered fact under section 9545(b)(1)(ii), a petitioner must show that: (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). In determining whether a petitioner has acted with due diligence, we have explained that "[d]ue diligence 'does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort' to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (citation omitted). Additionally, the petitioner must file his petition within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

In ***Burton***, the Pennsylvania Supreme Court held "that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners."

**Burton**, 158 A.3d at 638. The **Burton** Court, however, did not relieve a petitioner from establishing the exercise of due diligence. **See id.** at 638.

Instantly, Ballard began recanting her trial testimony identifying Appellant as the shooter as early as 2000 and fully recanted her in-court identification of Appellant by 2003. Appellant previously litigated a PCRA petition, his second, based on that recantation.

In her 2017 witness statements, Ballard provided additional details supporting her assertions that she was threatened and, for the first time, opined that Appellant was trying to calm the situation and could not have shot the victim. She explained that she did not provide these details earlier because she was not asked the right questions. However, Appellant's instant PCRA petition contained no allegations that he took any steps to elicit or obtain the alleged newly discovered facts in the decade and a half since Ballard initially recanted. Thus, even if Appellant filed his petition within sixty days of receiving Ballard's April 2017 statements, Appellant failed to establish that he exercised reasonable diligence. **See Cox**, 146 A.3d at 230; **accord Burton**, 158 A.3d at 638. Thus, we discern no error in the PCRA court's dismissal of Appellant's fourth PCRA petition. **See Lawson**, 90 A.3d at 4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2018