J-S59009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ALONZO VILLATORO | : | |
| | : | |
| Appellant | : | No. 268 EDA 2019 |

Appeal from the PCRA Order Entered December 14, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002514-2009

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 11, 2020**

Appellant Luis Alonzo Villatoro appeals from the order dismissing his untimely second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant claims that the PCRA court erred by dismissing his petition without conducting an evidentiary hearing or providing Pa.R.Crim.P. 907 notice. Appellant also claims that he provided valid reasons for the PCRA court to deny the Commonwealth's motion to dismiss the PCRA petition as untimely filed. We affirm.

The relevant facts and procedural history of this appeal are as follows:

On April 26, 2010, a jury convicted Appellant of one count of criminal homicide—murder in the third degree, and four counts of recklessly endangering another person (REAP). These charges stemmed from the shooting death of Angel Ramos Rodriguez. On June 18, 2010, Appellant was sentenced to an aggregate term of 24 to 48 years' incarceration. After filing a post-sentence motion on June 28, 2010, Appellant filed amended post-sentence motions on October 19, 2010, which were denied on October 21, 2010. On

November 5, 2010, Appellant appealed to this Court, which affirmed Appellant's judgment of sentence on September 1, 2011. ***Commonwealth v. Villatoro***, 34 A.3d 214 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court. On September 17, 2012, Appellant, through counsel, timely filed [his first] PCRA petition. Following two hearings, the PCRA court "denied and dismissed" the petition on May 22, 2014.

***Commonwealth v. Villatoro***, 1619 EDA 2014, 1-2 (Pa. Super. 2015 filed Feb. 19, 2015) (unpublished mem.) (footnotes omitted), *appeal denied*, 126 A.3d 1285 (Pa. 2015). This Court affirmed the denial of PCRA relief, and our Supreme Court denied Appellant's petition for allowance of appeal. ***Id.***

Appellant filed the current, counseled PCRA petition on August 17, 2018. In his petition, Appellant explained that he sought "PCRA relief due to his recently discovered mental infirmities." PCRA Pet., 8/17/18, at ¶ 14. Specifically, Appellant noted:

15. Approximately one and one-half years ago[, Appellant] was placed in a Mental Health Unit within the Department of Corrections [(DOC)], at which point he was evaluated, diagnosed with various conditions, and subsequently treated.

16. On or about June 23, 2018, [Appellant] was verbally informed for the first time that he has been diagnosed with Bipolar Disorder, Post-Traumatic Stress Disorder, Antisocial Personality Disorder, and Mild Neurocognitive Damage resulting from a traumatic brain injury he suffered when he was shot in the year 2000.

17. [Appellant] has submitted multiple requests to the DOC requesting copies of his medical records and specifically any evaluations or diagnoses, all of which have been denied by DOC.

***Id.*** at ¶¶ 15-17.

In light of his mental illness, Appellant argued that trial counsel was ineffective for failing "to raise or litigate any issue relating to [Appellant's]

- 2 -

competency at the time of commission of the alleged offenses[.]" *Id.* at ¶ 18(a)(1). "Because of [Appellant's] incarceration and psychological condition, the facts upon which the claims for relief . . . are predicated were unknown to [Appellant], and could not have been ascertained by him by the exercise of due diligence." *Id.* at ¶ 24. Consequently, Appellant requested an evidentiary hearing, as well as an order directing the DOC to provide him with all relevant medical records.

On November 7, 2018, the Commonwealth filed a motion to dismiss, asserting that the current PCRA petition was untimely on its face. Further, the Commonwealth emphasized that Appellant could not satisfy the newly discovered fact exception to the PCRA's time-bar:

> Here, [Appellant] does not bother to explain why he (or anyone else for that matter) could not have "discovered" or how it is that he (or anyone else, including all prior counsel) could possibly have been unaware that he has suffered from mental illnesses since his traumatic brain injury suffered eighteen (18) years ago. For this reason alone, his petition should be summarily dismissed.

Mot. to Dismiss, 11/7/18, at 9.

Appellant filed an answer to the Commonwealth's motion to dismiss on December 7, 2018. In his answer, Appellant contended that the timeliness requirements of the PCRA "can be excused where a defendant's documented mental incapacity rendered him unable to know the underlying facts until the time he became competent." Answer, 12/7/18, at 2 (unpaginated). Appellant insisted that his mental illness rendered him incompetent at the time of trial, he did not know about the mental illness at all relevant times, and he could

not have discovered his illness sooner through the exercise of due diligence. *See id.* at 3.

The PCRA court held oral argument on the matter on December 14, 2018. At that time, Appellant's counsel addressed the Commonwealth's argument regarding the timing of Appellant's discovery of his mental illnesses:

> [PCRA Counsel]: What we're asserting here . . . is that while it's true and [Appellant] knew that he had been shot in the head back in the year 2000 twice and one bullet remains in there, and while he knew other aspects of his life had been let's say difficult and troublesome, and while he knew and his then counsel knew and, frankly, I knew that he was somebody who was just let's say a little bit odd in the way he presented himself,[1] [Appellant] didn't know, and I don't think any of the rest of us knew, until he was finally placed in a mental health unit about a year ago, . . . and as a result of that, began treating him and making inquiries of him.
>
> \* \* \*
>
> [Appellant] has had no diagnosis until June of this year that I'm aware of. And if, in fact, all of that—if he is disabled, I mean, I guess one of the things I'm suggesting to you is that I think you have to be a little careful in concluding that somebody isn't quick enough to know that they have a disability which, frankly, prevents them from knowing they have a disability. And that's all we want an opportunity to pursue.
>
> THE COURT: But you're suggesting that his disability is one that would have caused him to be incompetent to stand trial.
>
> [PCRA Counsel]: I am suggesting that it would have been—no. Let me back up and be absolutely candid with the court. I don't know what those [mental health] records [from the DOC] show. He has attempted to obtain them, and without success, and he has been told that—and I've actually had this experience in other

---

[1] PCRA counsel, Philip D. Lauer, Esq., also represented Appellant for his first PCRA petition and on direct appeal.

cases. The DOC often in cases like this won't turn over the records absent a court order.

\* \* \*

THE COURT: And so even if he is suffering today from a mental illness, how do we extrapolate that back to the time of trial or pretrial?

[PCRA Counsel]: I don't know until we see what the condition is, until we see what the mental health professionals have said about how long they believe it's been in effect, what might have caused it at what point in his life. I don't know.

N.T. PCRA Hr'g, 12/14/18, at 4-5, 6-7.

Following argument, the PCRA court dismissed Appellant's petition and

stated:

Well, and, again, I don't understand how even a diagnosis of some mental illness now necessarily extrapolates back to having existed, should have existed, must have existed back then at the time of trial or pretrial. And the other issue is I don't know how you get around that it could not have been discoverable previously.

\* \* \*

Okay. So I'm not persuaded that this PCRA is timely. I do agree with the Commonwealth that you haven't met the requirements in two ways. One, that you [have not] fulfilled [42 Pa.C.S. § 9545(b)(1)(ii)], but also that I think we have that issue of . . . discovering the illness.

Because we're saying [Appellant] hasn't been right. He's been off. He's had odd things or, you know—so, I mean, then why wasn't . . . a flag thrown up earlier? [Appellant] didn't just develop this mental illness in the last sixty days, nor did anybody [first] notice the behaviors within the last sixty days.

*Id.* at 11, 13-14. Also on December 14, 2018, the PCRA court formally

entered an order dismissing Appellant's PCRA petition.

- 5 -

Appellant timely filed a notice of appeal on January 14, 2019 and court-ordered Pa.R.A.P. 1925(b) statement on February 12, 2019. The PCRA court did not file a responsive opinion. On March 8, 2019, the PCRA court entered an order pursuant to Pa.R.A.P. 1925(a), indicating that its reasons supporting the dismissal of Appellant's PCRA petition appear in the transcript of the December 14, 2018 proceeding.

Appellant now raises two issues for our review:

1. Whether the trial court erred in denying [Appellant's] second petition for PCRA relief without a hearing, and without giving notice of its intention to dismiss the petition as required by Pa.R.Crim.P. 907(1)?

2. Whether the trial court erred in denying [Appellant's] second petition for PCRA relief without a hearing, where defense counsel articulated valid reasons for denying the Commonwealth's objections to the timeliness of the PCRA filing in [Appellant's] answer to [the] Commonwealth's motion to dismiss?

Appellant's Brief at 4 (some capitalization omitted).

In his first issue, Appellant contends that a PCRA court may dismiss an untimely petition "only after a hearing upon a motion to dismiss." *Id.* at 11. Appellant acknowledges that the PCRA court conducted a "proceeding" on December 14, 2018, but he insists that it did not amount to a "full and adequate hearing." *Id.* at 12. Appellant argues that the PCRA court's failure "to allow [Appellant] additional time to obtain the [DOC mental health] records and have them reviewed by an expert, effectively denied [Appellant] his right to any meaningful hearing." *Id.* at 12-13. Further, Appellant contends that

the PCRA court failed to provide "advance notice to dismiss as required by Rule 907(1)." *Id.* at 13. Appellant maintains that the PCRA court failed to comply with the rules governing the dismissal of PCRA petitions, and this Court must remand the matter for a hearing that comports with the minimum requirements of due process. *Id.* at 14-15.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

Rule of Criminal Procedure 907 governs the disposition of PCRA petitions as follows:

> Except as provided in Rule 909 for death penalty cases,
>
> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

> We have previously made clear that the intent behind [this rule] is to ensure that an evidentiary hearing is held when a PCRA petition raises factual issues that must be resolved. Notice of a court's intention to dismiss is required only where the trial court, after review of the petition, any answer by the Commonwealth

- 7 -

> thereto, and any other matters of record, determines that a hearing is not necessary, that the petitioner is not entitled to post-conviction relief, and that no further proceedings are necessary. In **Commonwealth v. Lark**, 548 Pa. 441, 698 A.2d 43, 52 (1997), we concluded that no pre-dismissal notice was required pursuant to Rule 907(a) because the court had heard oral argument on the matter of whether an evidentiary hearing was required prior to determining that there were no factual matters to be resolved.

**Commonwealth v. Hutchinson**, 25 A.3d 277, 321 (Pa. 2011) (citations, footnote, and internal alterations omitted).

Instantly, Appellant filed the current PCRA petition, and the Commonwealth responded with a motion to dismiss the petition as untimely. Appellant filed an answer to the motion to dismiss, arguing that his recent diagnosis provided an exception to the PCRA's time-bar. Following the submission of these filings, the PCRA court permitted oral argument on the matter.

At oral argument, PCRA counsel insisted that the PCRA court should issue an order directing the DOC to release Appellant's mental health records. **See** N.T. Hr'g at 10. PCRA counsel argued that the records might reveal whether Appellant had suffered from mental illness at the time of trial. **Id.** at 7. The PCRA court was not persuaded, indicating that Appellant needed to present evidence demonstrating that "a person with this diagnosis . . . may have had the same diagnosis" at the time of trial. **Id.** at 12. PCRA counsel responded that Appellant's current diagnosis is one "that I think common knowledge would indicate that you can be disabled by such a diagnosis." **Id.** at 13.

Following argument, the PCRA court determined that there was no need for a full evidentiary hearing. Significantly, the PCRA court made this determination after considering all of the parties' filings, as well as the oral arguments. Under these circumstances, Appellant had an adequate opportunity to provide the facts that, in his view, justified an evidentiary hearing.[2] *See Hutchinson*, 25 A.3d at 322. Therefore, the PCRA court's failure to issue Rule 907 notice or conduct an evidentiary hearing concerning Appellant's second PCRA petition did not violate the applicable rules of court. *See id.*; Pa.R.Crim.P. 907(1).

In his second issue, Appellant acknowledges that his period for filing a timely PCRA petition expired in 2012. Appellant's Brief at 15. Appellant insists, however, that his current PCRA petition "is timely as it is based on evidence unknown to him until June 23, 2018." *Id.* at 16. Appellant argues that "the time requirements of the PCRA can be excused where a defendant's documented mental incapacity rendered him unable to know the underlying facts until the time he became competent." *Id.* Appellant further argues that "it would be illogical to suggest that a person who is mentally incompetent should somehow, through the exercise of due diligence, have discovered the diagnoses earlier." *Id.* at 17.

---

[2] Further, Appellant does not raise the specific claim that the PCRA court violated Rule 907(1) by failing to provide a twenty-day period for Appellant to respond to the proposed dismissal. *See* Appellant's Brief at 12-15.

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional [pre]requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Id.*** (citation omitted). "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Id.*** (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

To succeed in raising the newly discovered fact exception under Section 9545(b)(1)(ii), a petitioner must only establish that: (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). We have held that "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." **Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa. Super. 2015) (footnote omitted). Further, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Id.** at 1071 (citations omitted).

> Broad claims of mental illness do not satisfy a statutory exception to the PCRA time-bar. In **Commonwealth v. Cruz**, 578 Pa. 325, 852 A.2d 287 (2004), our Supreme Court carved out a narrow exception to the general rule where a PCRA petitioner's mental incompetence prevented him from filing a timely PCRA petition. The appellant in **Cruz** shot and killed a number of victims before turning his handgun on himself and attempting to commit suicide. The appellant survived, but he sustained a severe brain injury that

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2), and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

left him essentially lobotomized. The appellant entered a plea of *nolo contendere* to three counts of second-degree murder, and the court sentenced him to consecutive terms of life imprisonment for each offense. At the time of the plea, the parties informed the court that the appellant was pleading *nolo contendere* because he was unable to express emotions or discuss the facts of the case in any sensible way due to his brain injury. Almost six years later, the appellant filed a PCRA petition alleging his brain injury had rendered him incompetent and prevented him from participating in his own defense. The appellant further alleged that his brain injury had been slowly resolving in the months just before he filed his PCRA petition. The ***Cruz*** Court recognized that the PCRA does not include an exception for mental incapacity but held in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory newly-discovered fact exception.

Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements. Consequently, Pennsylvania courts have continued to construe narrowly the limited holding in ***Cruz***. *See, e.g., **Commonwealth v. Ali***, 624 Pa. 309, 86 A.3d 173 (2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 707, 190 L.Ed.2d 439 (2014) (holding petitioner did not meet newly-discovered fact exception concerning second PCRA petition because he failed to prove he was mentally incompetent during statutory period allowed; appellant showed temporal awareness in filing timely first PCRA petition and subsequent amendments after his judgment of sentence became final; that appellant was plainly able to ascertain factual predicates to claims raised in first PCRA petition but unable to ascertain facts necessary for issues raised in second PCRA petition is simply incongruous)[.]

***Commonwealth v. Shaw***, ___ A.3d ___, ___, 605 EDA 2018, 8-10, 2019 WL 3852219, *3-*4, (Pa. Super. filed Aug. 16, 2019) (some citations and internal alterations omitted).

Instantly, Appellant alleges that his current mental illness stems from a traumatic brain injury caused by a gunshot wound to the head in 2000. ***See***

- 12 -

PCRA Petition at ¶ 16.  During oral argument, PCRA counsel noted that aspects of Appellant's life had been "difficult and troublesome" since he suffered the gunshot wound.  **See** N.T. Hr'g at 5.  PCRA counsel, who had participated in Appellant's representation since 2010, also recognized that something was "a little bit odd in the way [Appellant] presented himself" throughout the proceedings.  **Id.**

Other than PCRA counsel's comments, however, Appellant could not offer evidence to prove how long he has actually suffered from mental illness. Appellant also failed to explain why he could not or did not obtain a mental health evaluation at an earlier date, despite suffering the traumatic brain injury in 2000.  **See Burton**, 121 A.3d at 1071.

Additionally, the record demonstrates that Appellant's mental condition at the time of trial was not the equivalent of the "essentially lobotomized" petitioner in **Cruz**.  **See Shaw**, 2019 WL 3852219, at *3.  In fact, Appellant provided substantial and cogent testimony in his own defense at trial.  **See** N.T. Trial, 4/23/10, at 48-189.  Moreover, after Appellant's judgment of sentence became final, he possessed enough temporal awareness to file a timely first PCRA petition.  Absent more, there is no indication that Appellant defaulted on any collateral claims due to mental incompetence.  **See Shaw**, 2019 WL 3852219, at *3.

In sum, the record supports the PCRA court's conclusion that Appellant did not exercise due diligence in ascertaining the asserted "newly discovered"

fact of his mental illnesses. ***See Lawson***, 90 A.3d at 4. Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely.

Order affirmed.

Judge McLaughlin files a concurring memorandum statement.

Judge Lazarus files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/11/20</u>