J-S44008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMAN H. COLLINS | : | |
| | : | |
| Appellant | : | No. 286 EDA 2025 |

Appeal from the PCRA Order Entered January 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009850-2014

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED JANUARY 22, 2026**

Norman H. Collins appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545. After careful review, we affirm.

The PCRA court summarized the factual and procedural history of this matter as follows:

> On October 22, 2014, [Collins] entered into a negotiated guilty plea before the Honorable Rayford A. Means to [eight] counts of robbery, [three] counts of burglary, [two] counts of attempted burglary, and numerous related offenses and was sentenced to an aggregate term of 12.5 to 25 years of confinement. No post-sentence motions or direct appeal followed. On April 4, 2022[, Collins] filed a pro se [PCRA] petition [at docket number] CP-51-CR-0009858-2014. PCRA counsel was appointed[] and filed an amended petition on October 2, 2022, [as well as] a motion to correct clerical errors to address mistakes in the computation of [Collins'] sentence on March 28, 2023. The matter was reassigned to the Honorable Zachary C. Shaffer due to Judge Means'

impending retirement on May 2, 2023. [The c]ourt granted the motion to correct clerical errors on June 12, 2023. The Commonwealth then informed [the c]ourt that[,] although [Collins'] pro se petition was only filed on one docket, the content made it clear that [Collins] was challenging all [nine] cases. [The c]ourt agreed and ordered that the pro se petition be docketed as filed on April 4, 2022 on all [nine] dockets. Counsel was then appointed to the remaining cases and filed a supplemental amended petition addressing all [nine] cases on September 12, 2024. On January 10, 2025, following a hearing, [the PCRA c]ourt found [Collins' testimony] to be incredible and denied his petition as untimely.

PCRA Court Opinion, 3/18/25, at 1-2.

Collins filed a timely notice of appeal to this Court, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Collins raises the following claims for our review:

1. Whether the [PCRA] court erred in determining [Collins'] PCRA [petition] did not [satisfy] the [newly discovered fact] exception to the [PCRA time bar].

2. Whether trial counsel was ineffective for causing [Collins] to enter an involuntary or unknowing guilty plea.

Brief of Appellant, at 7.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be granted great deference by reviewing courts. *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and

- 2 -

the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Burkett***, 5 A.3d at 1267.

Prior to addressing Collins' ineffectiveness claim, we must determine whether the PCRA court properly determined that his petition was untimely and, therefore, it lacked jurisdiction to consider its merits. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

statutory exceptions must be filed within one year of the date the claims could have been presented. *See id.* at § 9545(b)(2).

Here, Collins was sentenced on October 22, 2014, and did not file a direct appeal. Accordingly, his judgment of sentence became final on November 21, 2014, at the expiration of the 30-day period for filing an appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Collins had until November 21, 2015, to file a timely PCRA petition. Collins filed his petition on April 4, 2022, more than seven years after his judgment of sentence became final. Accordingly, Collins' petition is facially untimely. Thus, in order for the PCRA court to have jurisdiction, he must satisfy his burden of pleading and proving that one of the enumerated exceptions applies.

In his PCRA petition, Collins asserted the newly discovered facts exception to the time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Collins claimed that:

> [H]e only learned on October 10, 202[1[2]] that [his] sentence was not running concurrent to his back[ ]time as his attorney had promised. [Collins] received a memo[randum] from the prison that his sentence had been increased from 12½ [to] 25 years to 20 [to] 40 years. The facts upon which [this] claim is predicated were unknown to [Collins] and could not have been ascertained by the exercise of due diligence[,] as he assumed he was serving the 12½ [to] 25 year sentence.

_____

[2] The amended petition filed by counsel, filed on October 2, 2022, states that Collins learned of the issue with his sentence on October 10, 2022, eight days after the amended petition was filed. In his pro se petition, Collins indicates that he learned of the information on October 10, 202**1**. *See* Pro Se PCRA Petition, 4/4/22, at 3. We have corrected the date accordingly.

- 4 -

> Upon learning of this, [Collins] filed his petition within one year. He had been hampered in filing it earlier due to the COVID pandemic's [effect] on the prison. Thus[,] his petition should be considered timely.

Memorandum of Law in Support of Amended PCRA Petition, 10/2/22, at 8-9.

The PCRA court held a hearing on January 10, 2025, at which Collins testified that, at the time of his guilty plea, he believed he would receive a sentence of 12½ to 25 years' incarceration, which would run concurrently to his parole back time on another case.[3] *See* N.T. PCRA Hearing, 1/10/25, at 6-7. Collins stated that he and "Judge Means had the conversation that [Collins] was going to be eligible for parole when [he] was around 54, 55 years old." *Id.* at 7. Collins testified that he believed his sentence would begin in 2014 but that it did not actually start until 2020, a fact which he discovered in 2020.[4] *Id.* at 8, 10-11. In 2020, Collins wrote a letter to Christopher Thomas, "a case manager or something like that," complaining about the calculation of his sentence. *Id.* at 8, 10.

On recross-examination, the Commonwealth presented emails sent by Collins to his fiancée, Julie O'Donnell, in 2018. In an email dated January 13, 2018, Collins referenced the fact that he was "having to make decisions about **starting his new sentence**" and asking her for money. *Id.* at 17 (emphasis

---

[3] The PCRA court indicates that the notes of testimony from Collins' 2014 guilty plea hearing are unavailable. *See* PCRA Court Opinion, 3/18/25, at 4 n.1.

[4] Collins testified that he received a letter from a person with the last name of Coleman dated October 28, 2020, informing Collins that his sentence was wrong. *See* N.T. PCRA Hearing, 1/10/25, at 11.

added). In an email dated November 20, 2018, Collins stated: "Instead of having 10 and a half years left I still probably have 13 and a half years left[.]" *Id.* The Commonwealth pointed out that this calculation corresponds to Collins' remaining period of incarceration if his instant sentence were to run consecutively to his back time. *Id.* at 19 (counsel for Commonwealth stating "'So[,] instead of having 10 and a half years I probably have 13 and a half.' And in doing that math [as of November 2018], that would run that sentence consecutive, correct?"). Collins testified that he was "basically lying to my [fiancée in the emails] trying to get money from her." *Id.* at 18.

At the conclusion of the hearing, the PCRA court found Collins' testimony not to be credible and concluded that Collins failed to satisfy an exception to the time bar where he knew as early as 2018 that his sentences were to run consecutively, yet did not file his PCRA petition until 2022. *Id.* at 23. Accordingly, the court issued an order dismissing the petition.

Based on the evidence adduced at the PCRA hearing, and granting due deference to the PCRA court's credibility determinations, *Johnson*, *supra*, we can discern no abuse of discretion or error of law in the court's conclusion that Collins was aware as early as January 2018 that his sentence was not running concurrently to his back time. Pursuant to the version of subsection 9545(b)(2) in effect at the time,[5] Collins was required to file a PCRA petition

_____

[5] Subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing a petition invoking
*(Footnote Continued Next Page)*

invoking the newly discovered facts exception within 60 days of the date the claim could have been presented. He failed to do so. Accordingly, his petition is untimely, without an exception, and the PCRA court properly denied relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2026

---

an exception to the time bar from sixty days of the date the claim could have been presented, to one year. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Collins' claim arose in January of 2018, he was required to present his claim within sixty days under the prior version of the statute.