J-S77020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY LEGGITT | : | |
| | : | |
| Appellant | : | No. 2170 EDA 2017 |

Appeal from the PCRA Order June 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0428601-1994

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 03, 2019**

Appellant, Larry Leggitt, appeals *pro se* from the June 8, 2018 Order dismissing as untimely his sixth Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On April 27, 1995, Appellant was convicted of First Degree Murder and related offenses for the shooting death of Appellant's former paramour.[1] Following a penalty hearing, the trial court sentenced Appellant to life imprisonment followed by a consecutive aggregate term of 15 to 37 years' incarceration for the other convictions.  On December 3, 1996, this Court affirmed Appellant's Judgment of Sentence, and on June 2, 1997, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal.  **See Commonwealth v. Leggitt**, 697 A.2d 276 (Pa. Super. 1996)

_____

[1] Appellant was 22 years old when he committed the crime.  **See** Amended PCRA Petition, 5/11/16, at 24.

_____

\*   Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum), *appeal denied,* 698 A.2d 65 (Pa. 1997). Appellant did not seek review by the United States Supreme Court. Appellant's Judgement of Sentence, therefore, became final on September 1, 1997.[2]  **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On December 22, 2015, more than eighteen years after his Judgment of Sentence became final, Appellant filed the instant *pro se* PCRA Petition, his sixth, asserting that his PCRA Petition is timely because he was not given notice of various court Orders disposing of his direct appeal, and, therefore, his Judgment of Sentence is not final for purposes of the PCRA time-bar.  PCRA Petition, 12/22/15, at 3, 7.  On May 11, 2016, Appellant filed an Amended PCRA Petition claiming that after recently obtaining his sentencing transcripts, he learned a "previously unknown fact" that he did not waive his right to be present at sentencing and the court did not apprise him of his appellate rights. Amended PCRA Petition, 5/11/16, at 8-13, 20-23.  In the Amended PCRA Petition, Appellant also raises a claim that his sentence is illegal under **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).[3]  **Id**. at 24-26.  Finally, in the Amended PCRA Petition, Appellant raises a claim that the trial court violated his due process rights when the

---

[2] August 31, 1997 was a Sunday.  **See** 1 Pa.C.S. § 1908.

[3] In **Miller**, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old.  **Miller**, 567 U.S. at 470.  In **Montgomery**, the U.S. Supreme Court held that its decision in **Miller, supra,** applies retroactively. **Montgomery**, 136 S.Ct. at 732.

court deferred sentencing five times, and his Judgment of Sentence is not final because the trial court failed to rule on a pre-sentence oral Motion to Remove Counsel. *Id.* at 13-20.

On February 22, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing. Appellant filed a timely *pro se* Response. On June 8, 2017, after considering Appellant's Response, the PCRA court dismissed Appellant's Petition as untimely. This *pro se* appeal followed.

Appellant raises the following issues on appeal:

I. Whether the PCRA court erred in relying on [Appellant]'s previously filed Superior Court Reply Brief at 2109 EDA 2002 to deny relief when the Reply Brief does not indicate the newly discovered facts relied upon to establish jurisdiction in this action where known to [Appellant]?

II. Whether the testimony given at trial by Detective Tomaino, along with the testimony provided by a Commonwealth witness that Detective Tomaino secured to establish motive of guilt by flight, was violative of 6th and 14th U.S.C.A.'s and Art. 1. Sec. 9 of the Pennsylvania Constitution?

III. Whether the PCRA court erred in denying relief where Mr. Leggitt made an extraordinary oral motion at trial to have counsel removed under former Pa.R.Crim.P. 316, but the trial court never ruled upon the Motion to Permit Judgment of Sentence to Become Final?

Appellant's Brief at 4-5 (some capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This

Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed more than eighteen years after his Judgment of Sentence became final, is facially untimely.

In his PCRA Petition, Appellant initially attempts to reject the finality of his judgment of sentence, and thus the activation of the PCRA clock, with claims that he did not receive notice of this Court's 1996 Order affirming his Judgment of Sentence or our Supreme Court's 1997 Order denying *allocatur*. PCRA Petition, 12/22/15, at 7. Appellant argues that because he did not receive notice of these Orders, the one-year window to file a PCRA Petition was never triggered, and, therefore, his current PCRA Petition is timely.

Contrary to Appellant's assertion, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[,]" rather than when a defendant

receives notice thereof. Accordingly, Appellant's attempt to overcome the timeliness requirement fails. 42 Pa.C.S. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).[4]

In his Amended PCRA Petition, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii), which requires Appellant to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Appellant asserts that when he recently received his January 23, 1996 sentencing transcript he learned the "previously unknown fact" that 1) he did not knowingly, intelligently, and voluntarily waive his right to be present at sentencing, 2) he was not apprised of his appellate rights, and 3) without his knowledge, the trial court sentenced him and direct appellate review concluded. Amended PCRA Petition, 5/11/16, at 8-13, 20-23. To support this argument, Appellant presented an affidavit from his wife, Audrey Trice, describing her efforts in 1995 and 1996 to ascertain the status of his appeal. *Id.* at Appendix B. Appellant also provided

---

[4] Effective December 24, 2018, Section 9545(b)(2) now provides that "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

Notes of Testimony from his sentencing hearing as well as docketing statements. *Id.* at Appendix C, D.

However, Appellant failed to demonstrate that these facts were unknown to him prior to 2015 when he filed the instant PCRA Petition. On the contrary, Appellant has known since sentencing that he was not present at sentencing. Moreover, this Court has previously made a finding Appellant has known since March 11, 1999, that his direct appellate review had concluded when the Supreme Court Prothonotary sent him a letter dated March 1, 1999. *See Commonwealth v. Leggitt*, No. 2101 EDA 2002, unpublished memorandum at 2-3 (Pa. Super. filed August 25, 2003). We agree with the PCRA court that Appellant's "attempt to circumvent the PCRA's timeliness provision by presenting a previously known fact through a new source [is] unavailing for purposes of [Section] 9545(b)(1)(ii)." PCRA Court Opinion at 4. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (explaining a petitioner does not satisfy the "newly discovered facts" exception where he merely alleges a newly discovered source for previously known facts). Accordingly, this claim fails to raise an exception to the time-bar.

Appellant's *Miller* claim also fails to overcome the PCRA's time-bar. Appellant attempts to invoke the newly-recognized constitutional right exception under Section 9545(b)(1)(iii), claiming that the holding in *Montgomery* made the holding in *Miller* retroactive, *i.e.* that juveniles cannot automatically be sentenced to life in prison without parole. Amended

PRCA Petition at 24-26. However, because Appellant was 22 years old at the time he committed the instant murder, *Miller* is inapplicable. ***See Commonwealth v. Lawson***, 90 A.3d 1, 6 (Pa. Super. 2014) (stating that the holding in *Miller* is limited to those offenders who were juveniles at the time they committed their crimes).

Finally, Appellant's claims that the trial court violated his due process rights when the court deferred sentencing and that his Judgment of Sentence is not final because the trial court failed to rule on a pre-sentence oral Motion to Remove Counsel do not fall under the Section 9545(b)(1) timeliness exceptions. Therefore, neither claim overcomes the PCRA's time-bar.

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/19