J-S24042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT RICHARDSON | : | |
| | : | |
| Appellant | : | No. 2676 EDA 2018 |

Appeal from the PCRA Order Entered August 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0400721-2003

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 21, 2019**

Appellant, Robert Richardson, appeals from the August 10, 2018 Order dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

We briefly summarize the facts and procedural history as follows. On February 2, 2006, a jury convicted Appellant of First-Degree Murder, Conspiracy to Commit Murder, Aggravated Assault, Recklessly Endangering Another Person, Firearms not to be Carried, and Possession of an instrument of Crime. The charges against Appellant arose from a June 29, 2002, incident during which Appellant and two cohorts fired approximately 40 shots from automatic handguns and an assault rifle at Ronald James while on a public street. Fatally wounded during the shooting spree was an innocent bystander, Omain Gullette, while another bystander, Akeem Johnson, was severely

_____

* Former Justice specially assigned to the Superior Court.

injured as he was on his way to the grocery store. Appellant was 24 years old at the time of the crime.

On March 22, 2006, the lower court sentenced Appellant to an aggregate term of life imprisonment plus 64 years' incarceration, to run consecutively. On August 31, 2006, Appellant timely filed a notice of appeal to this Court.

On June 17, 2009, this Court affirmed judgment of sentence. Appellant did not seek review with the Pennsylvania Supreme Court. Appellant's Judgment of Sentence, thus, became final at the end of the day on July 17, 2009, which was 30 days after this Court affirmed Appellant's judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States ..., or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a).

On August 21, 2012, Appellant filed a *pro se* PCRA petition challenging the legality of his sentence in light of ***Miller v. Alabama***, 567 U.S. 460, 465 (2012), which held that the Eighth Amendment of the United States Constitution proscribed mandatory life sentences without parole for individuals who commit homicide offenses while under 18 years of age, and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), which applied ***Miller***'s holding retroactively to sentences that had become final prior to that ruling. The court appointed counsel, but on February 24, 2018, counsel filed a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en*

*banc*) and a petition to withdraw as counsel based on the acknowledgement that Appellant was 24 years old at the time he committed murder. On March 14, 2018, the PCRA court issued its notice to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on April 2, 2018, but the court entered an order dismissing Appellant's first petition on April 11, 2018. Appellant filed no appeal from this order.

Appellant filed with the PCRA court the present PCRA petition, which he labeled a "*Pro Se* Amended PCRA Petition," on May 10, 2018. In the petition, moreover, Appellant claimed **Miller** represented a newly-discovered fact for purposes of overcoming the PCRA's one-year time-bar. Specifically, Appellant contended that although he was 24 years old at the time of his crime, **Miller** could apply to a defendant over 18 years old if evidence established he was developmentally an adolescent. On July 10, 2018, the PCRA court issued its Rule 907 notice to dismiss.

On August 10, 2018, after entertaining Appellant's *pro se* correspondence offered to support both his **Miller** position and the alternative position that the present petition was an amendment to his first petition, the PCRA court dismissed the present petition as an untimely filed second petition. This timely appeal followed.

Appellant contends that the PCRA court erroneously dismissed his PCRA petition as untimely when the Newly Discovered Fact Exception of the PCRA applies. We disagree.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014). Before we may consider the merits of Appellant's claim, we must address whether we have jurisdiction to consider the PCRA petition. "The timeliness of a post-conviction petition is jurisdictional." ***Commonwealth v. Furgess***, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted).

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review ... or at the expiration of time for seeking review.
>
> ...
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Here, as we have explained, Appellant's Judgment of Sentence became final on July 17, 2009. Appellant's current PCRA Petition, filed on May 10, 2018, is thus patently untimely. Appellant, however, attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his illegal sentence claim is based on a newly recognized constitutional right expressed

in **Miller**, which is retroactive in application. **See** Appellant's Brief at 10 (citing **Montgomery**, **supra**.).

Appellant's **Miller** claim fails because he was 24 years old at the time he committed the instant murder. **Miller** only applies to individuals who were juveniles, *i.e.*, under 18 years old, when they committed the crimes on which their current convictions are based. **See Commonwealth v. Lawson**, 90 A.3d 1, 6 (Pa. Super. 2014). Further, this Court has previously refused to render relief on an appellant's brain science argument. **See Commonwealth v. Furgess**, 149 A.3d at 94 (rejecting the 19-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes). Therefore, we reject Appellant's contention that **Miller** provides him with an exception to the PCRA time-bar.

Accordingly, we discern no error with the PCRA court's order dismissing the present PCRA petition as patently untimely.[1]

Order affirmed.

---

[1] Even if we were to construe the present PCRA petition as an amendment to Appellant's first PCRA petition, we would arrive at the same conclusion, for Appellant's first petition was also patently untimely without qualifying for any timeliness exception.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/21/19</u>