J-A13022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS M. SESSA III | : | |
| | : | |
| Appellant | : | No. 15 EDA 2019 |

Appeal from the PCRA Order Entered October 25, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005943-1992

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY NICHOLS, J.: **FILED JULY 16, 2019**

Appellant Louis M. Sessa III appeals *pro se* from the order dismissing his serial Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant contends he has overcome the time-bar of the PCRA because newly discovered facts demonstrate that the Commonwealth improperly induced his guilty plea. Appellant also argues that the Commonwealth interfered with his ability to raise the claim sooner. We affirm.

The relevant facts giving rise to this appeal are well known to the parties, and we need not restate them here. On March 29, 1993, Appellant pled guilty to criminal homicide, criminal conspiracy, and related offenses.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2501, and 18 Pa.C.S. § 903, respectively.

Appellant immediately proceeded to a degree of guilt hearing, and the trial court found Appellant guilty of second-degree murder, 18 Pa.C.S. § 2502(b). That same day, the trial court sentenced Appellant to life imprisonment for the murder conviction, plus a concurrent term of five to ten years' imprisonment for conspiracy. Appellant did not pursue a direct appeal.

Appellant subsequently filed several unsuccessful petitions for collateral review, including the instant *pro se* PCRA petition that was postmarked on September 22, 2017. In it, Appellant challenged the legality of his convictions and sentences. Appellant also claimed that the Commonwealth committed ***Brady***[3] violations, and the trial judge harbored a conflict of interest.

Regarding the PCRA's time-bar, Appellant argued that his claims were based on information he discovered in his co-defendant's plea hearing transcripts, which he did not obtain until October 2014. Appellant contended that the information in the transcripts amounted to newly discovered facts. Appellant relied on ***Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017), for the proposition that the presumption that information of public record cannot be deemed "unknown" does not apply to *pro se* prisoners. Appellant also invoked the governmental interference exception of the time-bar, asserting that the Commonwealth deliberately concealed the transcripts from him.

---

[3] ***Brady v. Maryland***, 373 U.S. 83 (1963).

- 2 -

The PCRA court dismissed Appellant's petition as untimely filed by order dated October 25, 2018. Appellant timely filed a *pro se* notice of appeal, which was postmarked on November 14, 2018.

After careful review of the record, the parties' briefs, and the PCRA court's decision, we agree with the PCRA court that Appellant's arguments seeking to invoke an exception to the PCRA's time-bar were previously litigated. **See** 42 Pa.C.S. § 9544(a); **see also Commonwealth v. Sessa**, 1137 EDA 2015, at 6-10 (Pa. Super. filed Nov. 24, 2015) (unpublished mem.) (explaining that PCRA counsel represented Appellant in July 1994 when the co-defendant's transcripts were docketed; therefore, Appellant's PCRA counsel would have had access to the transcripts, and Appellant could have discovered the transcripts with reasonable diligence in July 1994, at the latest).

Having discerned no error of law, we affirm the order dismissing Appellant's serial PCRA petition. **See Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (stating that our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error" (citation omitted)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/19