J. S17044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MEGAN ELIZABETH PUCHALSKI, | : | No. 1507 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered August 13, 2019,
in the Court of Common Pleas of Lebanon County
Criminal Division at No. CP-38-CR-0001962-2016

BEFORE:  PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 19, 2020**

Megan Elizabeth Puchalski appeals from the August 13, 2019 order

denying her petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case, as summarized by a prior panel of this

court on direct appeal, are as follows:

> Appellant was intoxicated on the morning of May 29,
> 2016, when Sandra Wolfe, an emergency medical
> technician (EMT); Patti Kreitzer, a paramedic;
> Richard Kreitzer, Bunker Hill Fire Chief;
> Charles VanDusen, Bunker Hill Deputy Fire Chief;
> Pennsylvania State Trooper David Lebron; and
> Pennsylvania State Trooper Michael Stramara, all
> responded to [a]ppellant's residence, based on an
> "emergency call" from appellant's mother of a "critical
> sick person."  These six individuals testified at trial
> about their efforts to administer medical aid to
> [a]ppellant and transport her to the hospital.  The
> essence of their testimony was that [a]ppellant was

> partially clothed, covered with bruises, extremely belligerent, physically combative, and resisted the first-responders' efforts to provide medical aid by flailing, punching, kicking and biting.

***Commonwealth v. Puchalski***, No. 1916 MDA 2017, unpublished memorandum at 1 (Pa.Super. filed July 20, 2018) (citations to notes of testimony omitted), ***appeal denied***, 205 A.3d 1235 (Pa. 2019).

Appellant was subsequently charged with multiple counts of aggravated assault, simple assault, and related offenses in connection with this incident. On October 4, 2017, a jury found appellant guilty of all counts. Richard Roberts, Esq. (hereinafter, "trial counsel"), represented appellant throughout her jury trial. On December 6, 2017, the trial court sentenced appellant to 23 months' intermediate punishment followed by 6 months' electronic monitoring. On July 20, 2019, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on April 3, 2019. (***See id.***) On June 6, 2019, appellant filed the instant timely PCRA petition, which was denied following an evidentiary hearing on August 13, 2019. This timely appeal followed. On September 16, 2019, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed her timely concise statement on September 30, 2019, and the PCRA court filed its Rule 1925(a) opinion on November 12, 2019.

Appellant raises the following multi-layered issue for our review:

> Whether the [PCRA] court erred in denying relief pursuant to the [PCRA] following an evidentiary hearing when [appellant] presented numerous instances of ineffective assistance of counsel, including failing to introduce photographs of [appellant's] injuries, medical records of [appellant's] injuries, medical testimony of [appellant's] PTSD, codified and standard protocols regarding a patient's right to refuse medical treatment and character testimony, when based upon the totality of the evidence trial counsel failed to introduce at trial, [appellant] was denied a fair trial?

Appellant's brief at 5.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that her conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

All of appellant's claims concern the ineffectiveness of her trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that

no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and as applied in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

This court has explained that a petitioner "must meet all three prongs of the test for ineffectiveness[.]" **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011). Additionally, we note that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. **See Commonwealth v. Ligons**, 971 A.2d 1125, 1146 (Pa. 2009).

After a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, it is our

determination that appellant's ineffectiveness claims warrant no relief. The PCRA court comprehensively discussed the five ineffectiveness claims raised by appellant and concluded that they were either meritless and/or her trial counsel had a reasonable strategic basis for his decisions. We have reviewed the record in its entirety and have considered the merit of appellant's arguments. Following our careful consideration, we find that the PCRA court's conclusions are supported by competent evidence and are clearly free of legal error.

Specifically, we agree with the PCRA court that appellant was not prejudiced by trial counsel's failure to introduce: (a) the color photos depicting her injuries and (b) the medical records pertaining to her injuries, "because [a]ppellant plainly failed to demonstrate that there is a reasonable probability that, but for [trial] counsel's alleged failure to introduce [this evidence], the outcome of the case would have been different." (PCRA court opinion, 11/12/19 at 6, 8.) Likewise, we agree with the PCRA court that there is no arguable merit to appellant's claim that her trial counsel was ineffective for failing to introduce testimony from Dr. David Sabo that appellant suffered from PTSD "because such information could have easily prejudiced the jury against his client[.]" (*Id.* at 9-12.) We also agree with the PCRA court's reasoning that appellant's contention that her trial counsel was ineffective for not introducing evidence of the protocols regarding a patient's right to refuse medical treatment fails to satisfy all three prongs of the *Pierce* test. (*Id.* at

13-14.)   Lastly, we agree with the PCRA court that trial counsel had a reasonable strategic basis for electing not to call appellant's character witnesses because her extensive "charges and convictions . . . squarely go against any proffered reputation for peacefulness testimony." (***Id.*** at 16.)

Accordingly, we adopt the PCRA court's comprehensive November 12, 2019 opinion as our own for purposes of this appellate review.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/19/2020