J-S38036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHAN HOWARD DENEAU | : | |
| | : | |
| Appellant | : | No. 491 MDA 2020 |

Appeal from the PCRA Order Entered February 10, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000853-2009

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: AUGUST 31, 2020**

Appellant Nathan Howard Deneau appeals *pro se* from the Order entered on February 10, 2020, in the Court of Common Pleas of Franklin County dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

On February 9, 2010, following a jury trial, Appellant was convicted of one count each of Robbery and Theft by Unlawful Taking.[2] On March 17, 2010, Appellant was sentenced to an aggregate term of sixty-six (66) months to one hundred forty-four (144) months in prison. On August 26, 2010, Appellant

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 3951(a), 901, respectively.

filed a notice of appeal with this Court, and on March 7, 2011, we affirmed his convictions. Appellant did not seek review from the Pennsylvania Supreme Court; therefore, his convictions became final on April 6, 2011.[3]

Appellant filed his first PCRA petition on October 13, 2011, and the PCRA court denied the same on October 25, 2011. On December 19, 2011, Appellant filed a second PCRA petition. That petition was denied on September 18, 2012, and this Court affirmed on July 16, 2013. A second petition followed on June 30, 2014, and subsequently was denied on September 10, 2014.

Appellant filed what he titled as a Motion to Modify Sentence on December 20, 2019, wherein he claimed his actual innocence in that no robbery occurred on April 22, 2009. The PCRA court treated this filing as a PCRA petition and issued its notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907(1) on January 13, 2020. Appellant filed his objection to the Notice on January 31, 2020, wherein he averred he is innocent in that "even though he has been time bared, there stands a gateway through which he can successfully pass with his claim of 'actual innocence' which is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception." **See** Objection to

---

[3] Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty (30) days after the entry of the order from which the appeal is taken).

Intention to Dismiss, January 31, 2020, at 1-2 ¶¶ 1, 5. The PCRA court denied Appellant's motion in its Order entered on February 10, 2020.

Appellant timely filed his Notice of Appeal.[4] The PCRA court did not order, and Appellant did not file, a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. The parties have filed appellate briefs; however, in violation of the Pennsylvania Rules of Appellate Procedure, Appellant does not present a clear statement of questions for this Court to consider in his *pro se* brief.

As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the

---

[4] The prisoner mailbox rule allows a *pro se* and incarcerated individual to have his or her appeal deemed "filed" on the date he or she deposits the appeal with prison authorities, and this Court may accept "any reasonably verifiable evidence" that such was the case. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) **Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278 (Pa. 1996). As Appellant is both *pro se* and incarcerated, he is a beneficiary of the prisoner mailbox rule.

The certified docket reflects that Appellant's *pro se* notice of appeal was filed on March 16, 2020. The record also indicates the Clerk of Court served Appellant with a copy of the Order on February 10, 2020. Thus, the last date upon which a notice of appeal could have been timely filed was March 11, 2020. **See** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of courts mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a). Appellant's handwritten Order Appealing Decision is dated March 11, 2020, and the notice was sent with a postage date of March 12, 2020. Therefore, we find the appeal was timely filed under the prisoner mailbox rule.

procedural rules set forth in the Pennsylvania Rules of the Court. Therefore, this Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa.Super. 2003), *appeal denied,* 879 A.2d 782 (Pa. 2005) (citations omitted) (emphasis added). Nevertheless, in the interest of justice we will address the argument that reasonably can be discerned from this defective brief. *See id.* Essentially, Appellant asserts the surveillance video presented at trial as well as the "written record" evince that he committed no robbery, although the court refused to credit such evidence. Before we may consider the merits of this claim, we must determine whether the instant PCRA petition was timely filed.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citation omitted). It is well-settled that "the timeliness of a PCRA petition is a jurisdictional [pre-]requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super. 2015) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Id.* (citation omitted). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." *Id.* (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a

judgment of sentence becomes final only if the petitioner pleads and proves

one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).   A petition invoking any one of the

exceptions "shall be filed within 60 days of the date the claim could have been

presented." 42 Pa.C.S.A. § 9545(b)(2).[5]

Appellant has not attempted to plead, let alone prove, one of the

aforementioned exceptions to the PCRA time bar.  Moreover, he simply

reiterates claims he previously has, or could have, presented on direct appeal

---

[5] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented. However, 42 Pa.C.S.A. § 9545(b)(2) has been amended to allow petitioners one year to present claims.

or in a timely PCRA petition. Because Appellant failed to plead and prove a statutory exception to the time bar, the PCRA court properly determined that his instant petition is untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2020