J-S27030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                            :
            v.                         :
                                            :
                                            :
SIMEON BOZIC                      :
                                            :
                   Appellant        :    No. 972 EDA 2021

Appeal from the PCRA Order Entered April 6, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0107651-2005

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:           **FILED NOVEMBER 14, 2022**

Appellant Simeon Bozic appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the PCRA court erred in dismissing his petition without a hearing. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. **See Commonwealth v. Bozic**, 997 A.2d 1211, 1214-15 (Pa. Super. 2010) (**Bozic I**). Briefly, Appellant was charged with first-degree murder[2] and related offenses for his role in beating and stabbing the twenty-one-year-old girlfriend of his co-defendant. **Id.** Although Appellant attempted to invoke a duress defense at trial, the jury ultimately convicted

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

him of all charges. *Id.* On March 13, 2008, Appellant was sentenced to life imprisonment and a concurrent term of twenty to forty years of incarceration. Appellant filed a post-sentence motion, which the trial court denied on July 16, 2008. Appellant filed a direct appeal on July 21, 2008. Notice of Appeal, 7/21/08. This Court affirmed Appellant's judgment of sentence on June 24, 2010, and our Supreme Court denied allowance of appeal. *Bozic I*, *appeal denied,* 13 A.3d 474 (Pa. 2010) (*Bozic II*). The United States Supreme Court denied Appellant's petition for writ of *certiorari* on May 31, 2011, and denied rehearing on August 15, 2011. *Bozic v. Pennsylvania*, 563 U.S. 1025 (2011), *rehearing denied,* 564 U.S. 1060 (2011) (*Bozic III*).

On February 2, 2012, Appellant filed his first *pro se* PCRA petition. Daniel Silverman, Esq. (Former PCRA Counsel) subsequently filed an amended petition on Appellant's behalf. Am. PCRA Pet., 1/4/13. Ultimately, the PCRA court dismissed Appellant's PCRA petition on March 17, 2015 and Appellant filed an appeal. This Court affirmed the order dismissing Appellant's PCRA petition on August 29, 2016. *Commonwealth v. Bozic*, 952 EDA 2015, 2016 WL 5539985 (Pa. Super. filed Aug. 29, 2016) (*Bozic IV*) (unpublished mem.), *appeal denied*, 165 A.3d 874 (Pa. 2017) (*Bozic V*).

Appellant filed the instant PCRA petition on March 14, 2018, claiming that he satisfied the newly discovered facts exception to the PCRA time bar.[3] *Pro Se* PCRA Pet., 3/14/18, at 3. On February 5, 2021, the PCRA court issued

---

[3] 42 Pa.C.S. § 9545(b)(1)(ii).

a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing as untimely. PCRA Ct. Order, 2/5/21. Appellant did not file a response. On April 6, 2021, the PCRA court dismissed Appellant's petition. PCRA Ct. Order, 4/6/21.

On April 26, 2021, Appellant filed a notice of appeal with this Court. Notice of Appeal, 4/26/21. On August 4, 2021, the PCRA court issued an order directing Appellant to file a Pa.R.A.P 1925(b) statement by August 25, 2021. PCRA Ct. Order, 8/4/21. Appellant filed this statement on August 19, 2021.[4]

On appeal, Appellant raises the following issues for review, which we have reordered as follows:

1. When [Appellant] filed his successive petition for post-conviction relief within sixty days from the date he discovered photographic evidence that should have been used to support his duress defense, did the [PCRA court] violate 42 Pa.C.S. § 9545(b)(1)(ii)?

2. Did the [PCRA court] abuse its discretion by distorting the facts and changing petitioner's claim into an entirely different one just to support a patently erroneous dismissal?

3. After [Appellant] discovered the photographic evidence, when was his first available opportunity to allege post-conviction counsel's ineffectiveness on this issue?

4. Did trial counsel's failure to present photographic evidence to support [Appellant's] duress defense, and does post-conviction counsel's failure to raise this claim, amount to ineffective assistance?

Appellant's Brief at 3.

---

[4] Although the PCRA court did not file a separate Rule 1925(a) opinion, it did file an opinion with its April 6, 2021 order dismissing Appellant's PCRA petition as untimely explaining its reasons for dismissing the petition.

**Timeliness**

As noted previously, Appellant argues that he has met the newly-discovered fact exception to the PCRA time bar. Specifically, he claims that he discovered exculpatory evidence in the form of crime scene photographs, which would have proven that "he could not escape the house on the night [Appellant's co-defendant] murdered his girlfriend." *Id.* at 16. Appellant asserts that he was unaware that the photos existed until he received them in the mail from Former PCRA Counsel on January 19, 2018. *Id.* at 13. He also contends that had no reason to believe that trial counsel would not share this evidence with him, and that he filed his PCRA petition within sixty days of when the claim could have been first presented. *Id.* at 14.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the

- 4 -

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016). Further, it is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered); **see also** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[5] Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2); **see also Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa. Super. 2014) (explaining that the plain language of the PCRA statute shows

_____

[5] The exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(i)-(iii).

that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review).

Here, Appellant's judgment of sentence became final on August 15, 2011, when the United States Supreme Court denied his petition for rehearing after the denial of *certiorari*. **See Bozic III**, 564 U.S. at 1060. Accordingly, Appellant was required to file a PCRA petition on or before August 15, 2012. **See** 42 Pa.C.S. § 9545(b)(2). Therefore, Appellant's instant PCRA petition, filed on March 14, 2018, was facially untimely.

As stated, Appellant alleges that he satisfied the newly discovered facts exception to the PCRA time bar. When asserting newly discovered facts, a petitioner must plead and prove: (1) the facts were unknown to him or her, and (2) the facts could not have been ascertained through due diligence. **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017); **see also** 42 Pa.C.S. § 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Brown**, 111 A.3d at 176 (citations and quotation marks omitted).

In response to Appellant's claim, the Commonwealth notes that at trial, Appellant specifically argued that he participated in the crime under duress.[6] Commonwealth's Brief at 11-12. The Commonwealth explains that the prosecution introduced crime scene photos revealing that the doors were in fact locked, and it quotes testimony from trial directly addressing this fact. *Id.* at 12 (citing N.T. 11/13/07, at 122, 124). Therefore, the Commonwealth contends that the new crime-scene photographs "simply provide new support for the previously-known fact that [Appellant] allegedly could not escape from the crime scene." *Id.* at 11-12.

The PCRA court addressed this issue as follows:

> In an attempt to establish the newly-discovered fact exception, [42 Pa.C.S. § 9545(b)(1)(ii)], [Appellant] claimed he discovered that he was unable to escape the victim's house during the commission of the crime. *See* [*Pro Se* PCRA Pet., 3/14/18, at 3]. In support of his claim, [Appellant] appended crime-scene photographs he purportedly received from his attorney in 2018. *See id.* at Exhibit 2. [Appellant] claimed that the photographs establish that the back door of the victim's residence was barricaded and the front door did not have a door knob. *See id.* at 3.
>
> At the outset, because [Appellant] was present inside the victim's home during the murder, the fact that he was unable to escape, if true, was not previously unknown. Therefore, the photographs are merely a new source for a previously known fact, and unavailing for purposes of subsection 9545(b)(1)(ii). *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (explaining a petitioner does not satisfy the "newly discovered

---

[6] The elements necessary to establish the duress defense are: immediate or imminent threat of death or serious bodily injury; well-grounded or reasonable fear that the threat will be carried out; and no reasonable opportunity to escape threatened harm except by committing the criminal act. *Commonwealth v. Baskerville*, 681 A.2d 195, 200 (Pa. Super. 1996).

facts" exception where he merely alleges a newly discovered source for previously known facts).

PCRA Ct. Op., 4/6/21, at 1 (citation omitted).

Upon review, we agree with the PCRA court's conclusion. The record reflects that the issue of duress and Appellant's alleged inability to escape were specifically argued and addressed at trial. As noted by the PCRA court, the new crime scene photos showing that the doors were locked are merely a new source for a previously known fact. Therefore, on this record, we conclude that Appellant has failed to establish the newly discovered fact exception to the PCRA time bar. *See Marshall*, 947 A.2d at 720; *Brown*, 111 A.3d at 176.

Because Appellant's petition is facially untimely and Appellant failed to prove an exception, he has failed to meet the required jurisdictional threshold. *See Cox*, 146 A.3d at 227; *see also Brown*, 111 A.3d at 175. For these reasons, we conclude that the PCRA court correctly dismissed Appellant's second PCRA petition as untimely, and we affirm. *See Lawson*, 90 A.3d at 4.[7]

_____

[7] In light of our conclusion that Appellant's second PCRA was untimely and that he failed to satisfy a jurisdictional threshold, Appellant's motion for an extension of time, Appellant's application to expand the record, and the Commonwealth's motion for leave to file a sur reply are all DENIED as moot. Additionally, we note that Assistant District Attorney Tanya Kapoor filed a motion to withdraw as counsel for the Commonwealth on October 5, 2021. Attorney Kapoor stated that Assistant District Attorney Lawrence J. Goode, would remain as counsel for the Commonwealth. Accordingly, we GRANT Attorney Kapoor's motion to withdraw, and Assistant District Attorney Lawrence J. Goode, Esq. is hereby substituted as counsel for the Commonwealth.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *11/14/2022*