J-S31030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGG MCELVEEN | : | |
| | : | |
| Appellant | : | No. 2602 EDA 2021 |

Appeal from the PCRA Order Entered November 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008535-2015

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 13, 2022**

Appellant Gregg McElveen appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that the PCRA court erred in concluding that he failed to establish the newly discovered fact exception to the PCRA time bar.  We affirm.

The underlying facts and procedural history of this matter are well known to the parties.  Briefly, Appellant pled guilty to possession of a prohibited firearm[2] in 2016.  On May 19, 2016, the trial court sentenced Appellant to a term of four to ten years' incarceration.  Appellant filed a motion

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6105(a)(1).

for reconsideration, which the trial court denied on August 15, 2016. Appellant did not file a direct appeal.

On September 25, 2020, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who subsequently filed an amended petition on Appellant's behalf. Therein, PCRA counsel argued that trial counsel was ineffective for failing to file a requested direct appeal and requested that the trial court reinstate Appellant's direct appeal rights *nunc pro tunc*. Am. PCRA Pet., 2/15/21, at 2. PCRA counsel also filed a second amended petition in which he reiterated the ineffectiveness claim against trial counsel and argued that "[t]he discovery of counsel's alleged ineffectiveness may form the basis of [the Section] 9545(b)(1)(ii) exception to the PCRA time-bar." Second Am. PCRA Pet., 6/24/21, at 3. PCRA counsel also included a letter from members of Appellant's family who stated that Appellant had directed trial counsel to file a direct appeal on his behalf. ***See id.*** at Ex. A.

On September 28, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Therein, the PCRA court explained that (1) Appellant's petition was facially untimely; and that (2) Appellant failed to establish the newly discovered fact exception to the PCRA time bar. Rule 907 Notice, 9/28/21, at 1. That same day, PCRA counsel sent a letter to the PCRA court alleging that Appellant discovered trial counsel's failure to file a direct appeal in 2017. On November 15, 2021, the PCRA court issued an order dismissing Appellant's PCRA petition.

On November 29, 2021, Appellant filed a timely notice of appeal.[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant did not file one. The PCRA court issued an order in lieu of a Rule 1925(a) opinion directing this Court to the dismissal order which set forth the PCRA court's reasons for dismissing Appellant's petition as untimely.[4]

On appeal, Appellant raises a single issue for review: "Did the [PCRA] court err by dismissing the PCRA petition?" Appellant's Brief at 3.

Appellant argues that he successfully met the newly discovered fact exception to the PCRA time bar. *Id.* at 8-11. Specifically, Appellant asserts that "he instructed his defense counsel to file a direct appeal from his sentence" and that "[h]e believed this was done and that his appeal was denied." *Id.* at 11. Further, Appellant argues that because he has been incarcerated since his sentencing hearing, it has "hampered his ability to determine if his case had been appealed." *Id.* Therefore, Appellant concludes that the PCRA court erred in denying his PCRA petition.

_____

[3] We note that Appellant filed a *pro se* notice of appeal while he was represented by PCRA counsel. Although hybrid representation is not permitted, this Court is required to docket a *pro se* notice of appeal, "even in instances where the *pro se* appellant was represented by counsel[.]" *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (citation omitted and formatting altered). Therefore, Appellant's *pro se* notice of appeal does not affect our review.

[4] On January 7, 2022, PCRA counsel filed a motion to withdraw as counsel and requested that the PCRA court appoint new counsel for purposes of Appellant's PCRA appeal. However, the PCRA court did not rule on PCRA counsel's motion. In any event, PCRA counsel remains Appellant's attorney of record and has filed an appellate brief on Appellant's behalf.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[5] Further, it is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, "the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Brown*, 111 A.3d at 176-77 (citation omitted and formatting altered). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Id.* at 176. A petitioner raising this exception "must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Id.* (citations omitted). However, Section 9545(b)(1)(ii) "does not require any merits analysis of an underlying after-discovered-evidence claim." *Id.* at 177 (citation and footnote omitted).

Here, the PCRA court concluded that Appellant failed to meet the requirements for the newly discovered fact exception to the PCRA time bar. Specifically, the PCRA court explained:

_____

[5] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented.

J-S31030-22

> [Appellant] asserts his [trial] counsel was ineffective in failing to file a notice of appeal, after [Appellant] asked him to do so. The time to raise his claim of ineffectiveness of counsel in failing to file an appeal ran one year and thirty days after the date of the denial of [Appellant's] motion to reconsider sentence on August 15, 2016. [Appellant's] *pro se* [PCRA] petition was not filed until October 1, 2020 - three (3) years late. To the extent [Appellant] was claiming a "new fact" exception to the PCRA, he was required to prove both (1) that the facts upon which the claim is predicated were unknown to you and (2) these facts could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). Additionally, any petition invoking an exception to the PCRA time-bar must be filed within one year of the date the claim could have been presented. *Id.* at (b)(2). [Appellant] failed to allege facts sufficient to demonstrate that the exception is applicable to him, including when he discovered the appeal had not been filed, and why he was not able to ascertain through an exercise of reasonable diligence that the appeal had not been filed within the [twelve-month] period after denial of his motion to reconsider. Accordingly, the petition must be dismissed.

PCRA Ct. Order, 11/15/21, at 1.

Following our review of the record, we find no error in the PCRA court's conclusion that Appellant's petition was facially untimely and that he failed to establish an exception to the PCRA time bar. *See Lawson*, 90 A.3d at 4. Therefore, we affirm on the basis of the PCRA court's analysis of this issue. *See* PCRA Ct. Order, 11/15/21, at 1. Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2022