J-S15024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE HENDERSON | : | |
| | : | |
| Appellant | : | No. 396 EDA 2023 |

Appeal from the PCRA Order Entered January 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000761-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 11, 2024**

Appellant Jermaine Henderson appeals from the order dismissing his timely first Post Conviction Relief Act[1] (PCRA) petition.  On appeal, Appellant contends that the PCRA court erred when it denied his counsel an extension to review the files maintained by the Philadelphia Police Department and the District Attorney of Philadelphia.  We affirm.

The factual history of this case is well known to both parties.  Briefly, Appellant was charged with murder and related offenses after he shot Derek White and his daughter, K.W.  K.W. was transported to the Children's Hospital of Philadelphia, where she received treatment; however, Mr. White was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

pronounced dead at the Hospital of the University of Pennsylvania as the result

of injuries sustained due to a single gunshot wound.

> On March 27, 2018, following a jury trial . . . [Appellant] was convicted of one count each of murder of the first degree, attempted murder, carrying a firearm without a license, and possession of an instrument of crime.[2] The [trial court] immediately imposed the mandatory sentence of life in prison [without possibility of parole[3]] for the murder charge, with concurrent terms of 10 to 20 years' imprisonment for attempted murder, 3 ½ to 7 years' imprisonment for carrying a firearm without a license, and 1 to 5 years' imprisonment for [possession of an instrument of crime], for an aggregate sentence of life in prison [without possibility of parole]. The sentence was to run consecutively to the mandatory life sentence [Appellant] was already serving for an unrelated murder conviction.
>
> [Appellant] filed post-sentence motions, which the [trial court] denied on July 12, 2018. On July 18, 2019, the Superior Court affirmed [Appellant's] judgment of sentence and on February 4, 2020, the Supreme Court of Pennsylvania denied *allocatur*. [**See Commonwealth v. Henderson**, 2128 EDA 2018, 2019 WL 3239470 (Pa. Super. filed July 18, 2019) (unpublished mem.), *appeal denied*, 224 A.3d 366 (Pa. 2020). Appellant] was represented at trial and through direct appeal by James F. Berardinelli, Esquire.
>
> On July 18, 2020, David Wesley Cornish, Esquire, entered his appearance as private retained counsel for [Appellant], and on February 3, 2021, filed a PCRA petition on [Appellant's] behalf. The Commonwealth moved to dismiss [Appellant's] PCRA petition on June 21, 2021. On March 18, 2022, [Attorney] Cornish filed an amended PCRA petition ("amended petition"). The Commonwealth filed a response to [Appellant's] amended petition on May 20, 2022. On August 22, 2022, [Attorney] Cornish filed a

---

[2] 18 Pa.C.S. §§ 2502(a), 901(a), 6106(a)(1), and 907(a), respectively. Additionally, Appellant was convicted of one count of aggravated assault, which merged with the attempted murder conviction for sentencing purposes. **See** 18 Pa.C.S. § 2702(a); 42 Pa.C.S. § 9765.

[3] **See** 18 Pa.C.S. § 1102(a)(1).

supplemental amended PCRA petition ("supplemental amended petition"), to which the Commonwealth responded on October 19, 2022. On November 10, 2022, the [PCRA court] issued notice pursuant to Pa.R.Crim.P. 907 ("907 notice") of its intent to dismiss [Appellant's] petition without an evidentiary hearing. On December 7, 2022, Edward J. Foster, Esquire, entered his appearance as newly retained counsel for [Appellant]. However, neither [Appellant], [Attorney] Cornish, nor [Attorney] Foster filed a reply to the [PCRA court's] 907 notice. Instead, on December 19, 2022, the day the [PCRA court] had scheduled for dismissal of [Appellant's] PCRA petition, [Attorney] Foster appeared before the [PCRA court] for the first time and requested additional time to investigate [Appellant's] claims. The [PCRA court] granted [Attorney] Foster a continuance until January 13, 2023, to present authority to the [PCRA court] to support his request to permit new counsel to begin anew an investigation of PCRA claims on the day scheduled for dismissal, which was nearly two years after [Appellant's] previously privately retained counsel had filed a petition on [Appellant's] behalf. On January 13, 2023, the [PCRA court] denied [Attorney] Foster's request for additional time to investigate and dismissed [Appellant's] PCRA petition.

PCRA Ct. Op., 4/20/23, at 1-3 (citations omitted and formatting altered).

Appellant filed a timely notice of appeal on February 13, 2023.[4,5] The PCRA court directed Appellant to file a concise statement of errors complained

---

[4] February 12, 2023, fell on a Sunday; therefore, Appellant's notice of appeal was timely filed. *See* 1 Pa.C.S. § 1908.

[5] Appellant's February 13, 2023 notice of appeal contained an incorrect docket number. On May 31, 2023, this Court entered an order directing Appellant to show cause why this Court should not quash the instant appeal for failing to list the proper PCRA court docket number in the caption. Appellant timely responded and on July 3, 2023, this Court entered an order directing Appellant to file with the Prothonotary of this Court an amended notice of appeal. Appellant timely complied.

of on appeal, and Appellant timely complied. The PCRA court subsequently filed an opinion addressing Appellant's claims.[6]

Appellant raises the following issue for our review:

Whether the [PCRA] court erred in dismissing the PCRA petition as without merit on all claims when [] Appellant had concerns about the thoroughness of prior counsel's work in this matter given the current practices in the City of Philadelphia such that he sought to retain new counsel for a full investigation.

Appellant's Brief at 6 (formatting altered).

In his sole issue on appeal, Appellant contends that the PCRA court erred when it denied Appellant's request for a continuance to conduct an investigation of the case files maintained by the Philadelphia Police Department and the District Attorney of Philadelphia. *Id.* at 11. Specifically, Appellant raises the following argument:

Here, [] Appellant argues that this was his initial PCRA petition and that since [Attorney Cornish] was not taking full advantage of the tools afforded to him by the open policy of the Philadelphia District Attorney's Office, he was shortchanging the potential of this initial PCRA. In addition to this there was no risk of any prejudice to the [PCRA] court or the Commonwealth in delaying the dismissal of the PCRA [petition] for a few months to allow a thorough examination of the entire case in order to ensure the integrity of the conviction. Essentially, this petition was dismissed for judicial economy, which should never be paramount to

_____

[6] On August 3, 2023, this Court remanded the instant appeal for 30 days for the PCRA court to make a determination as to whether counsel abandoned Appellant, as counsel had failed to file an appellate brief. Appellant filed an application to reinstate his appeal and to reset the briefing schedule, which this Court granted on August 11, 2023. Appellant filed a counseled brief on November 9, 2023.

ensuring a proper conviction wherein [Appellant] is serving a life sentence.

*Id.* at 11.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted); *see also Commonwealth v. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

When reviewing a PCRA court's denial of a motion for continuance, we employ an abuse of discretion standard of review. *Commonwealth v. Paddy*, 15 A.3d 431, 470 (Pa. 2011). We have routinely defined abuse of discretion as "not merely an error in judgment," but rather a decision resulting from "bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of the record." *Commonwealth v. Banniger*, 303 A.3d 1085, 1095 (Pa. Super. 2023) (citations omitted).

In **Paddy**, our Supreme Court considered the denial of a PCRA petition from a capital defendant. **Paddy**, 15 A.3d at 439. On appeal, the defendant argued that the PCRA court erred when it denied a continuance motion to allow new counsel to conduct further investigation. **Id.** at 468-69. The **Paddy** Court noted:

> Over the course of more than two years, [the defendant] filed three PCRA petitions. [The defendant's] present counsel did not appear until nearly three months after [the defendant] had filed his second amended *pro se* PCRA petition, and the [PCRA] court was preparing to announce its intent to dismiss the petition without a hearing. Nonetheless, the PCRA court granted [the defendant's] new counsel sixty days to respond, which is three times longer than required by [Pa.R.Crim.P.] 909. [The defendant's] counsel responded with voluminous objections. Having knowingly, intelligently, and voluntarily decided to proceed *pro se*, [the defendant] was not entitled to reverse course after several years and delay the resolution of his case further by retaining counsel to file yet another amended PCRA petition.

**Id.** at 471.

> In the instant case, the PCRA court reached the following conclusion:

> Here, by December 19, 2022, the first day that [Attorney] Foster appeared in court and requested a continuance to investigate this case, [Appellant] had already been represented by his previously chosen private counsel, [Attorney] Cornish, for nearly 2 ½ years. During that time, [Attorney] Cornish filed a PCRA petition, amended petition, and supplemental amended petition, with the Commonwealth filing a response to each of [Appellant's] three submissions. Also during that time, the [PCRA court] granted numerous defense requests for continuances, and allowed [Appellant] to raise new claims with each new petition. Finally, on November 10, 2022, the [PCRA court] evaluated all of [Appellant's] claims and issued a detailed [Rule] 907 notice of its intent to dismiss the petition without a hearing, informing both [Appellant] personally as well as his counsel, [Attorney] Cornish, that any response would need to be submitted within 20 days,

- 6 -

that is, by November 30, 2022. The [PCRA court] set December 19, 2022, as the date for possible dismissal, pending evaluation of any responses to the [Rule] 907 notice.

No response was filed to the [Rule] 907 notice at any time. Instead, on December 19, 2022, the date set for dismissal, [Attorney] Foster appeared and said the following:

> Your Honor, I was just retained last week and I entered my appearance on behalf of [Appellant]. I have asked my law clerk to order his homicide file and trial file. I would be asking for 90 days to be available to get those items and complete my review.

N.T., 12/19/22, at 5. Upon questioning by the [PCRA court, Attorney] Foster stated that he was not claiming that [Attorney] Cornish had been ineffective. [***Id.*** at 7.] Nevertheless, instead of dismissing the petition as scheduled, the [PCRA court] continued the matter until January 13, 2023, to give [Attorney] Foster an opportunity to submit an argument in support of his request for a continuance for further investigation made on the scheduled date of dismissal. [Attorney] Foster appeared on that date and stated, "I have no case law that supports you allowing me to enter on this PCRA, so, therefore, that's why I didn't send Your Honor anything." N.T., 1/13/23, at 3. He then argued that the continuance should be granted simply because the District Attorney of Philadelphia allows defense counsel to review homicide files, and that was not done in this case. ***Id.*** The [PCRA court] then denied the continuance request and dismissed the petition.

PCRA Ct. Op. at 14-15 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the PCRA court in its decision to deny the request of Appellant's current counsel for a continuance to conduct further investigation. ***See Paddy***, 15 A.3d at 471. As noted by the PCRA court, Appellant's current counsel did not file a response to the PCRA court's Rule 907 notice, nor has current counsel developed any argument that the PCRA court abused its discretion in denying

the continuance request.[7] *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that where an appellate brief fails to develop the issue in any meaningful fashion, the claim is waived; this Court is not obligated to formulate the appellant's arguments for him). We therefore conclude that the PCRA court did not err or abuse its discretion when it denied Appellant's PCRA petition. *See Lawson*, 90 A.3d at 4; *Paddy*, 15 A.3d. at 470. For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/11/2024

---

[7] Instead, the crux of Appellant's argument is that Attorney Cornish was ineffective despite making statements to the contrary before the PCRA court. *Compare* N.T., 12/19/22, at 7; *with* Appellant's Brief at 11 (alleging that Attorney Cornish failed to take "full advantage of the tools afforded him by the open file policy of the Philadelphia District Attorney's Office," thereby "shortchanging the potential of [Appellant's] initial PCRA").